**Bobby Wayne GOFF, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 81–4148**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 15, 1981.

W. Eugene Henry, Biloxi, Miss., J. W. Miller, Biloxi, Miss., for plaintiff-appellant.

Deborah Selph Davis, Asst. U. S. Atty., Biloxi, Miss., for defendant-appellee.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

This is a suit by Bobby Wayne Goff against the United States Government under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. Appellant Goff was working as an independent contractor at Keesler Air Force Base in Mississippi. His responsibility was to disassemble a pool table and reassemble it in another building. The actual moving of the parts of the pool table was left to Air Force personnel. Goff alleged that the Air Force personnel improperly leaned the pool table slates against the wall in the new location in such a way that one of them slipped and fell upon his foot, injuring it. He sued for $50,000 damages.

In accordance with the requirements of the Federal Tort Claims Act, he filed his administrative claim with the United States Air Force within the two year limitations period. After denial of his claim by the Air Force, he filed suit in district court within the six months limitation period of the statute. Over a year later, on Goff's motion, a voluntary dismissal without prejudice was granted in his suit. The record contains no information as to why Goff asked for and received the voluntary dismissal.

Approximately seven weeks after the voluntary dismissal of the suit, plaintiff refiled what the record discloses to be an identical suit in the district court. Defendant United States filed a motion to dismiss this new suit on the ground, inter alia, that the suit had not been initiated within the requisite six months statutory limitations period after the denial of the administrative claim by the Air Force. Goff's sole contention is that the limitations period should be tolled during the time his first suit, filed within the time limit period, was pending. The district court granted the government's motion to dismiss. We affirm.

■ It is well established that the time limitations enacted by Congress in statutes which waive governmental immunity are to be strictly construed in favor of the government. The government yields no more in waiving sovereign immunity than it clearly intends to yield. While it is often recognized that statutes of limitations may be waived or tolled on various equitable considerations when they apply to suits between private individuals, *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965),[1] such is not the case in statutes of limitations created by the sovereign when waiving its sovereign immunity. *United States v. Kubrich*, 444 U.S. 111, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979), holds that the waiver of immunity in the Tort Claims Act results in the statute of limitations contained in that Act being "a condition of that waiver" which does not extend beyond what Congress intended. In *United States v. Croft-Mullins Electrical Co.*, 333 F.2d 772, 777 n.9 (5th Cir. 1964), *cert. denied*, 379 U.S. 968, 85 S.Ct. 664, 13 L.Ed.2d 561 (1965), this Court said: "Since the limitation was part of the statute creating the liability [Federal Tort Claims Act], the time is an indispensable condition of the liability, whether limitations be pleaded or not."[2] Again in *Gallion v. United States*, 389 F.2d 522, 524 (5th Cir. 1968), we said:

> Time and time again, in an abundance of cases, it has been held that the time within which a suit must be brought against the United States under the provisions of a federal statute is strictly a condition of the remedy given. The prescribed period after the disallowance of a claim within

1. This case, relied upon heavily by appellant in his brief, involves a Federal Employers Liabilities Act suit of an injured private party against the private railroad company defendant.

2. *See also Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957), where the Court refused to toll the statute of limitations in a claim against the United States during the period of the Japanese occupancy of the Phillipines during the Second World War. The Court in that case, at p. 275, 77 S.Ct. at p. 273, stated that the statute of limitations applicable to a suit against the government is a wholly different circumstance from a statute of limitations applicable to private parties.

which suit must be brought is a substantive jurisdictional requirement....[3]

█ It is also well established that the fact that a dismissal of an earlier suit was without prejudice does not authorize the bringing of the suit later outside of an otherwise binding limitations period. *Hall v. Kroger Bakery*, 520 F.2d 1204 (6th Cir. 1975); *Cleveland v. Douglas Aircraft*, 509 F.2d 1027 (9th Cir. 1975). In *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972), to protect against this principle, this Court found that a lower court dismissal without prejudice was an abuse of discretion because the Title VII thirty day time period had run. In that case the dismissal occurred because plaintiff's counsel had failed to meet a deadline on submitting a pre-trial order and proposed jury instructions. In contrast, in this case appellant Goff voluntarily sought and obtained the dismissal without prejudice. In *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191 (8th Cir. 1976), another Title VII case, the Court of Appeals took great care not to dismiss the suit without prejudice because the statute of limitations had run and was not tolled by the filing of the suit.

█ In his earlier case Goff voluntarily sought and obtained a dismissal without prejudice. We do not know his motive in obtaining the dismissal, but we must assume that it was voluntary. There is nothing in the record to show any improper pressure, misleading tactics, or any other impropriety on the part of the government, nor is there any showing that the district court abused its discretion in granting the dismissal which the plaintiff requested. Firmly established principles require the holding that the district court was correct in finding that it did not have jurisdiction in this re-filed case because it was filed after the limitations period had expired.

AFFIRMED.

**3.** *See also Childers v. United States*, 442 F.2d 1299 (5th Cir. 1971), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971), holding that the comparable six months statute of limita-

tions involved in a suit against the Federal Aviation Agency is jurisdictional.