**Verna COLEMAN, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health & Human Services, Defendant.**

Nos. 84 C 2412, 84 C 5104.

United States District Court, N.D. Illinois, E.D.

Jan. 10, 1985.

## ORDER

BUA, District Judge.

On March 21, 1984, plaintiff, through her attorney, filed a timely complaint seeking review of defendant's decision to deny plaintiff disability benefits. That complaint was assigned Civil Docket Number 84 C 2412. Plaintiff, however, did not pay the required filing fees, but rather petitioned the Court for leave to file *in forma pauperis*. On March 26, 1984, this Court denied plaintiff's petition for leave to file *in forma pauperis* because plaintiff listed a net worth of approximately $34,221.50. *Coleman v. Heckler*, 84 C 2412 (N.D.Ill. Mar. 26, 1984). Under Local Rule 11(d), the Court directed plaintiff to submit the required fees within 30 days, or her suit would be dismissed. No fees were filed within the 30-day period.

On June 18, 1984 (*84 days* after this Court's Order denying plaintiff leave to file *in forma pauperis*), plaintiff filed a new case and submitted the requisite filing fees. That case was assigned Civil Docket Number 84 C 5104. Since that case was filed over 60 days after the defendant's final administrative decision, defendant has moved to dismiss 84 C 5104 as untimely under 42 U.S.C. § 405(g).

Defendant is correct in arguing that plaintiff's complaint in 84 C 5104 is untimely. That fact that plaintiff had filed an earlier suit does not toll the running of the applicable limitations period. *See, e.g., Goff v. United States*, 659 F.2d 560, 562 (5th Cir.1981). Neither has plaintiff provided any justification for the Court to invoke the doctrines of equitable estoppel or waiver. *See Portmann v. United States*, 674 F.2d 1155 (7th Cir.1982). Accordingly, plaintiff's complaint in 84 C 5104 is untimely and therefore dismissed.

The question now becomes whether the Court should allow plaintiff to proceed in her prior case (84 C 2412) and excuse plaintiff's (or more likely her attorney's) failure to submit the filing fee within 30 days as ordered by the Court on March 26, 1984. Plaintiff neither paid the filing fee within the required time period nor requested from the Court an extension of the 30-day period. Defendant argues that the Court has lost jurisdiction to "reinstate" plaintiff's prior complaint. Although the Court cautioned plaintiff that her suit would be dismissed within 30 days, the Civil Docket Sheet does not reflect that 84 C 2412 was ever dismissed by the Court.

Dismissing a case because of the plaintiff's late payment of filing fees is, indeed, a severe sanction. At least one court has held that a trial court's decision to dismiss a complaint due to the plaintiff's failure to pay a timely filing fee constitutes an abuse of discretion. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544 (5th Cir.1978). In this case, plaintiff's failure to comply with the Court's March 26 Order is clearly not insignificant. Dismissal of her case, however, would be too severe a sanction. Accordingly, plaintiff will be allowed to proceed on her complaint in 84 C 2412. The filing fee paid by plaintiff in 84 C 5104 will be applied to 84 C 2412.

## CONCLUSION

Defendant's motion to dismiss plaintiff's complaint in 84 C 5104 is granted. Accordingly, Civil Case Number 84 C 5104 is dismissed as untimely. The filing fee paid in 84 C 5104 will be applied to 84 C 2412, and plaintiff will be allowed to proceed in 84 C 2412. Defendant is ordered to answer or otherwise respond to plaintiff's complaint in 84 C 2412 within 60 days.

IT IS SO ORDERED.