**Miguel DE CASENAVE, Maria Angelica Morales De Casenave, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 91–1857CCC.**

United States District Court, D. Puerto Rico.

July 22, 1992.

Eduardo A. Betancourt, Hernández–Sánchez Law Firm, for plaintiffs.

Asst. U.S. Atty. María Hortensia Ríos–Gándara, Daniel F. López–Romo, U.S. Atty., for defendant.

## ORDER

CEREZO, District Judge.

This action, brought under the Federal Tort Claims Act, 28 USC 2671, *et seq.* is before us on the government's Motion to Dismiss (docket entry 5), which was opposed by plaintiffs (docket entry 7).

The action, based upon an accident occurring on March 24, 1989, was originally filed on August 14, 1990 as Civil No. 90–2095. On January 22, 1991, Judge Pieras dismissed that action as a sanction for plaintiffs' counsels failure to file an Initial Scheduling Conference memorandum, appear at the Initial Scheduling Conference, and for the counsel's pattern of disobedience and non-compliance with Court orders in other cases. A motion for reconsideration was also denied.

The plaintiffs filed a Notice of Appeal on April 3, 1991. They then moved for voluntary dismissal of their appeal, which was entered May 28, 1991.

■ The United States has filed a motion to dismiss noting that the suit is "forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of [the] notice of final denial of the claim by the agency to which it was presented". *See* 28 USC Section 2401(b).

■ The six-month period to file suit before the District Court after the denial of the administrative claim is jurisdictional, as it is a condition to the waiver of sovereign immunity. *Sinkfield v. Pope,* 578 F.Supp. 1500, 1501 (E.D.Mo.1983); *see also Goff v. United States,* 659 F.2d 560, 561–62 (5th Cir.1981). The unbending interpretation that has been given to Section 2401(b) is in accordance with the manifested legislative goal of the expeditious bringing and resolution of tort claims against the government. *Vega–Vélez v. United States* 627 F.Supp. 773, 777 (D.P.R.1986).

"It is established that the time limitation enacted by Congress in statutes which waive governmental immunity are to be strictly construed in favor of the government. The government yields no more in waiving sovereign immunity than it clearly intends to yield. While it is often recognized that statutes of limitations may be waived or tolled on various equitable considerations when they apply to suits between individuals, *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), such is not the case in statutes of limitations created by the sovereign when waiving its sovereign immunity". *Goff v. United States*, 659 F.2d at 561. "It is also well established that the fact that a dismissal of an earlier suit was without prejudice does not authorize the bringing of the suit later outside of an otherwise bending limitations period". *Goff, supra* at 562.

While plaintiff is correct that our situation is distinguishable from *Goff* in that *Goff* was voluntarily dismissed, that particular distinction is not persuasive. The Appeals Court raised that as a distinction from a previously discussed case, *Pondy v. Braniff Airways, Inc.* 453 F.2d 347 (5th Cir.1972). That court's analysis is directed at the dismissal of the first case:

> There is nothing on record to show any improper pressure, misleading tactics, or any other impropriety on the part of the government, nor is there any showing that the district court abused its discretion in granting the dismissal which the plaintiff requested. *Firmly established principles require the holding that the district court was correct in finding that it did not have jurisdiction in this refiled case because it was filed after the limitations period had expired.*

The cases cited by plaintiff are inapposite, primarily raising issues of when the cause of action accrued. See e.g. *Exnicious v. U.S.*, 563 F.2d 418 (10th Cir.1977); *McDonald v. U.S.*, 843 F.2d 247 (6th Cir. 1988); *Harrison v. U.S.*, 708 F.2d 1023 (5th Cir.1983). Also inapposite are cases cited by plaintiffs in which waiver of sovereign immunity is not a consideration because the suits do not involve the United States as a party. *See e.g. McGoman v. Williams*, 623 F.2d 1239 (7th Cir.1980); *Saggese v. Gonnelli*, 563 F.Supp. 102 (D.C.N.J.1983).

In sum, the district court dismissed this action in a prior case and over six months had elapsed from the time the administrative claim was denied. Thus, the action is time barred. We are not an appellate court sitting to review the dismissal of the original case based on equitable considerations. Plaintiff should have pursued their appeal in the prior action; their failure to do so has extinguished the jurisdiction of this court.

Accordingly, the motion to dismiss is GRANTED.