United States Court of Appeals
 For the First Circuit
 

No. 92-2102

 MIGUEL DE CASENAVE AND
 MARIA ANGELICA MORALES DE CASENAVE,

 Plaintiffs, Appellants,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen C. Cerezo, U.S. District Judge]
 

 

 Before

 Stahl, Circuit Judge,
 
 Aldrich and Coffin, Senior Circuit Judges.
 

 

Eduardo E. Betancourt with whom Hernandez Sanchez Law Firm was on
 
brief for appellants.
James G. Touhey, Jr., Trial Attorney, with whom Stuart M. Gerson,
 
Assistant Attorney General, Daniel F. Lopez Romo, United States
 
Attorney, and Jeffrey Axelrad, Director, Torts Branch, were on brief
 
for appellee.

 

 April 20, 1993
 

 STAHL, Circuit Judge. In this appeal, plaintiffs
 

Miguel de Casenave and his wife, Maria A. Morales de

Casenave, challenge the district court's dismissal of their

complaint as time-barred. We affirm the judgment of the

district court, although on different grounds.

 I.
 

 Procedural Background
 

 On March 24, 1989, plaintiff Miguel de Casenave

allegedly sustained personal injuries when he tripped and

fell while on the premises of the Roosevelt Roads United

States Naval Station, in Ceiba, Puerto Rico. On April 27,

1989, Mr. de Casenave and his wife, plaintiff Maria de

Casenave, presented tort claims to the United States

government based on this incident. The government denied

their claims on March 26, 1990, and mailed them the notice of

denial two days later. On August 14, 1990, plaintiffs

commenced an action in federal court against the government

under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. 

1346(b), 2671, et seq., alleging that the government's
 

negligent maintenance of a sidewalk at the Naval Station

caused his injuries. During the pendency of that action,

plaintiffs' counsel failed to comply with an order of the

district court (Pieras, J.) directing him to attend an

initial scheduling conference and to file certain scheduling

memoranda. As a result, Judge Pieras found plaintiffs'

 -2-
 2

counsel in violation of Federal Rules of Civil Procedure

16(f) and 37(b)(2), and, in an order dated January 18, 1991,

dismissed the complaint. See de Casenave v. United States,
 

No. 90-2095(JP), slip op. at 5 (D.P.R. January 18, 1991).

The judgment of dismissal was entered on January 23, 1991.1

On March 4, 1991, Judge Pieras denied plaintiffs' motion for

reconsideration of that dismissal, and on April 3, 1991,

plaintiffs filed a notice of appeal. Subsequently, however,

plaintiffs moved for a voluntary dismissal of their appeal,

which this court entered on May 28, 1991.

 On July 10, 1991, plaintiff filed a new complaint

against the government which contained verbatim the same

allegations as the first complaint. In response, the

government filed a motion to dismiss, arguing that the six-

month statute of limitations on plaintiffs' FTCA claim had

run. The district court (Cerezo, J.) agreed and dismissed

 

1. In his January 18 order, Judge Pieras stated that the
dismissal was "with prejudice." The judgment of dismissal,
however, stated that the dismissal was "without prejudice."

 -3-
 3

the complaint.2 See de Casenave v. United States, 797 F.
 

Supp. 86, 87 (D.P.R. 1992). This appeal followed.

 II.
 

 Discussion
 

 A FTCA claimant has six months from the date the

federal agency mails the notice of final denial of her/his

claim to file suit in federal court. See 28 U.S.C. 
 

2401(b).3 Here, the government mailed plaintiffs the notice

of final denial of their claim on March 28, 1990. Plaintiffs

filed their new lawsuit more than one year after the notice

of denial was mailed. Thus, the instant complaint was filed

well outside the six-month limitations period. Plaintiffs

 

2. The district court held that, because the six-month
statute of limitations was jurisdictional, it had no power to
apply principles of equitable tolling to plaintiffs' claim.
In light of the Supreme Court's holding in Irwin v. Veterans
 
Admin., 498 U.S. 89, , 111 S. Ct. 453, 457-58 (1990),
 
discussed infra, the district court's refusal to entertain
 
plaintiffs' tolling argument was erroneous. On appeal,
however, we are "free to affirm a district court's decision
on any ground supported in the record even if the issue was
not pleaded, tried or otherwise referred to in the
proceedings below." Resare v. Raytheon Co., 981 F.2d 32, 44-
 
45 n.30 (1st Cir. 1992) (quoting Chamberlin v. 101 Realty,
 
Inc., 915 F.2d 777, 783 n.8 (1st Cir. 1990)). 
 

3. 28 U.S.C. 2401(b) provides:

 A tort claim against the United States
 shall be forever barred unless it is
 presented in writing to the appropriate
 Federal agency within two years after
 such claim accrues or unless action is
 begun within six months after the date of
 mailing, by certified or registered mail,
 of notice of final denial of the claim by
 the agency to which it was presented.

 -4-
 4

argue, however, that the six-month limitations period should

have been tolled during the pendency of the first lawsuit.

We do not agree.4

 In cases "where the claimant [fails] to exercise

due diligence in preserving his[/her] legal rights," Irwin,
 

498 U.S. at , 111 S. Ct. at 458, courts are reluctant to

apply principles of equitable tolling to extend a federal

limitations period. See id. at , 111 S. Ct. at 457-58
 

("Federal courts have typically extended equitable relief

only sparingly. We have allowed equitable tolling in

situations where the claimant has actively pursued his

judicial remedies by filing a defective pleading during the

statutory period, or where the complainant has been induced

or tricked by his adversary's misconduct into allowing the

filing deadline to pass.") (footnotes omitted); Pipkin v.
 

United States, 951 F.2d 272, 274 (10th Cir. 1991) (refusing
 

to toll FTCA six-month limitations period during filing of

previous FTCA lawsuit which was dismissed without prejudice

for failure to prosecute).

 Plaintiffs' initial lawsuit was dismissed due to

their counsel's refusal to abide by the discovery orders of

 

4. Because the facts upon which plaintiffs' tolling argument
rests are undisputed, we see no reason to remand this case to
the district court. See, e.g., Societe Des Produits Nestle,
 
S.A. v. Casa Helvetia, Inc., 982 F.2d 633, 642 (1st Cir.
 
1992) (using findings of fact made in the framework of an
unacceptable legal analysis to affirm on a different legal
theory).

 -5-
 5

the district court. The record contains no evidence that

plaintiffs were induced or tricked by any misconduct on the

part of the government to delay as long as they did in filing

this lawsuit.5 Rather, this case is a classic example of a

party "[fail]ing to exercise due diligence in preserving

his[/her] legal rights." Irwin, 498 U.S. at , 111 S. Ct.
 

at 458. Thus, we discern no basis under which the district

court could have applied equitable principles to rescue

plaintiffs' complaint. Cf. Pipkin, 951 F.2d at 275 (refusing
 

to toll FTCA six-month limitations period during pendency of

previously filed lawsuit). 

 Even if the district court had decided to toll the

six-month limitations period between the time plaintiffs

filed the first lawsuit and the time that action was

dismissed, plaintiffs' instant complaint would still be time-

barred.6 Plaintiffs waited four months and sixteen days to

 

5. At oral argument, plaintiffs appeared to be asserting
some sort of estoppel theory based on an alleged discussion
with counsel for the government during the pendency of the
previous appeal. This theory, however, was neither
articulated below nor developed in plaintiffs' brief on
appeal. As such, we need not address it. See, e.g., Lafont-
 
Rivera v. Soler-Zapata, 984 F.2d 1, 3 n.2 (1st Cir. 1993)
 
(refusing to address issue which appellant failed to
articulate below); Rodriguez-Pinto v. Tirado-Delgado, 982
 
F.2d 34, 41 (1st Cir. 1993) (deeming issue adverted to in a
"perfunctory manner" on appeal waived).

6. Plaintiffs cannot successfully argue that the tolling
period should extend through the time that plaintiff filed an
unsuccessful motion for reconsideration of the dismissal. We
have previously rejected that same argument in a similar
context. Hilton Int'l Co. v. Union de Trabajadores de La
 

 -6-
 6

file their first lawsuit. After the dismissal of that

lawsuit, plaintiffs waited in excess of five months to refile

their complaint. Thus, even giving them the benefit of

tolling, plaintiffs waited more than nine months before

bringing suit.7 We therefore affirm, albeit on different

grounds, the district court's decision to dismiss plaintiffs'

complaint.

 Affirmed.
 

 

Industria Gastronomica, 833 F.2d 10, 11 (1st Cir. 1987)
 
(holding that plaintiff's filing of a motion for
reconsideration of a dismissal of a previously filed
complaint does not toll limitations period in subsequent
action). 

7. The question of whether the court's dismissal was with or
without prejudice is therefore irrelevant.

 -7-
 7