**Miguel DE CASENAVE and Maria Angelica Morales de Casenave, Plaintiffs, Appellants,**

v.

**UNITED STATES of America, Defendant, Appellee.**

No. 92–2102.

United States Court of Appeals, First Circuit.

Heard Feb. 5, 1993.

April 20, 1993.

Eduardo E. Betancourt, with whom Hernandez Sanchez Law Firm was on brief, for appellants.

James G. Touhey, Jr., Trial Atty., with whom Stuart M. Gerson, Asst. Atty. Gen., Daniel F. Lopez Romo, U.S. Atty., and Jeffrey Axelrad, Director, Torts Branch, were on brief, for appellee.

Before STAHL, Circuit Judge,
ALDRICH and COFFIN, Senior Circuit Judges.

STAHL, Circuit Judge.

In this appeal, plaintiffs Miguel de Casenave and his wife, Maria A. Morales de Casenave, challenge the district court's dismissal of their complaint as time-barred. We affirm the judgment of the district court, although on different grounds.

## I.

### Procedural Background

On March 24, 1989, plaintiff Miguel de Casenave allegedly sustained personal injuries when he tripped and fell while on the premises of the Roosevelt Roads United States Naval Station, in Ceiba, Puerto Rico. On April 27, 1989, Mr. de Casenave and his wife, plaintiff Maria de Casenave, presented tort claims to the United States government based on this incident. The government denied their claims on March 26, 1990, and mailed them the notice of denial two days later. On August 14, 1990, plaintiffs commenced an action in federal court against the government under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, et seq., alleging that the government's negligent maintenance of a sidewalk at the Naval Station caused his injuries. During the pendency of that action, plaintiffs' counsel failed to comply with an order of the district court (Pieras, J.) directing him to attend an initial scheduling conference and to file certain scheduling memoranda. As a result, Judge Pieras found plaintiffs' counsel in violation of Federal Rules of Civil Procedure 16(f) and 37(b)(2), and, in an order dated January 18, 1991, dismissed the complaint. See de Casenave v. United States, No. 90–2095(JP), slip op. at 5 (D.P.R. January 18, 1991). The judgment of dismissal was entered on January 23, 1991.[1] On March 4, 1991, Judge Pieras denied plaintiffs' motion for reconsideration of that dismissal, and on April 3, 1991, plaintiffs filed a notice of appeal. Subsequently, however, plaintiffs moved for a voluntary dismissal of their appeal, which this court entered on May 28, 1991.

On July 10, 1991, plaintiff filed a new complaint against the government which contained verbatim the same allegations as the first complaint. In response, the government filed a motion to dismiss, arguing that the six-month statute of limitations on plaintiffs' FTCA claim had run. The district court (Cerezo, J.) agreed and dismissed the complaint.[2] See de Casenave v.

---

1. In his January 18 order, Judge Pieras stated that the dismissal was "with prejudice." The judgment of dismissal, however, stated that the dismissal was "without prejudice."

2. The district court held that, because the six-month statute of limitations was jurisdictional, it had no power to apply principles of equitable tolling to plaintiffs' claim. In light of the Supreme Court's holding in Irwin v. Veterans Admin., 498 U.S. 89, 94–97, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990), discussed infra, the district court's refusal to entertain plaintiffs' tolling argument was erroneous. On appeal, however, we are "free to affirm a district court's decision on any ground supported in the record even if the issue was not pleaded, tried or otherwise

*United States,* 797 F.Supp. 86, 87 (D.P.R. 1992). This appeal followed.

## II.

### *Discussion*

■■■■■ A FTCA claimant has six months from the date the federal agency mails the notice of final denial of her/his claim to file suit in federal court. *See* 28 U.S.C. § 2401(b).[3] Here, the government mailed plaintiffs the notice of final denial of their claim on March 28, 1990. Plaintiffs filed their new lawsuit more than one year after the notice of denial was mailed. Thus, the instant complaint was filed well outside the six-month limitations period. Plaintiffs argue, however, that the six-month limitations period should have been tolled during the pendency of the first lawsuit. We do not agree.[4]

In cases "where the claimant [fails] to exercise due diligence in preserving his[/her] legal rights," *Irwin,* 498 U.S. at 97, 111 S.Ct. at 458, courts are reluctant to apply principles of equitable tolling to extend a federal limitations period. *See id.* at 94–97, 111 S.Ct. at 457–58 ("Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statu-

referred to in the proceedings below." *Resare v. Raytheon Co.,* 981 F.2d 32, 44–45 n. 30 (1st Cir.1992) (quoting *Chamberlin v. 101 Realty, Inc.,* 915 F.2d 777, 783 n. 8 (1st Cir.1990)).

**3.** 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

**4.** Because the facts upon which plaintiffs' tolling argument rests are undisputed, we see no reason to remand this case to the district court. *See, e.g., Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.,* 982 F.2d 633, 642 (1st Cir.1992) (using findings of fact made in the framework of an unacceptable legal analysis to affirm on a different legal theory).

tory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.") (footnotes omitted); *Pipkin v. United States,* 951 F.2d 272, 274 (10th Cir. 1991) (refusing to toll FTCA six-month limitations period during filing of previous FTCA lawsuit which was dismissed without prejudice for failure to prosecute).

Plaintiffs' initial lawsuit was dismissed due to their counsel's refusal to abide by the discovery orders of the district court. The record contains no evidence that plaintiffs were induced or tricked by any misconduct on the part of the government to delay as long as they did in filing this lawsuit.[5] Rather, this case is a classic example of a party "[fail]ing to exercise due diligence in preserving his[/her] legal rights." *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458. Thus, we discern no basis under which the district court could have applied equitable principles to rescue plaintiffs' complaint. *Cf. Pipkin,* 951 F.2d at 275 (refusing to toll FTCA six-month limitations period during pendency of previously filed lawsuit).

Even if the district court had decided to toll the six-month limitations period between the time plaintiffs filed the first lawsuit and the time that action was dismissed, plaintiffs' instant complaint would still be time-barred.[6] Plaintiffs waited four

**5.** At oral argument, plaintiffs appeared to be asserting some sort of estoppel theory based on an alleged discussion with counsel for the government during the pendency of the previous appeal. This theory, however, was neither articulated below nor developed in plaintiffs' brief on appeal. As such, we need not address it. *See, e.g., Lafont–Rivera v. Soler–Zapata,* 984 F.2d 1, 3 n. 2 (1st Cir.1993) (refusing to address issue which appellant failed to articulate below); *Rodriguez–Pinto v. Tirado–Delgado,* 982 F.2d 34, 41 (1st Cir.1993) (deeming issue adverted to in a "perfunctory manner" on appeal waived).

**6.** Plaintiffs cannot successfully argue that the tolling period should extend through the time that plaintiff filed an unsuccessful motion for reconsideration of the dismissal. We have previously rejected that same argument in a similar context. *Hilton Int'l Co. v. Union de Trabajadores de La Industria Gastronomica,* 833 F.2d 10, 11 (1st Cir.1987) (holding that plaintiff's filing of a motion for reconsideration of a dis-

months and sixteen days to file their first lawsuit. After the dismissal of that lawsuit, plaintiffs waited in excess of five months to refile their complaint. Thus, even giving them the benefit of tolling, plaintiffs waited more than nine months before bringing suit.[7] We therefore affirm, albeit on different grounds, the district court's decision to dismiss plaintiffs' complaint.

*Affirmed.*

missal of a previously filed complaint does not toll limitations period in subsequent action).

7. The question of whether the court's dismissal was with or without prejudice is therefore irrelevant.