**Will SOUTH, Jr., Plaintiff–Appellee,**

v.

**SAAB CARS USA, INC., Defendant– Appellant.**

**No. 1601, Docket 93–9224.**

United States Court of Appeals, Second Circuit.

Argued May 17, 1994.
Decided June 28, 1994.

Igor I. Sikorsky, Jr., Rocky Hill, CT, for plaintiff-appellee.

Penny Q. Seaman, New Haven, CT (Sigismund L. Sapinski, Jr., Wiggin & Danna, of counsel), for defendant-appellant.

Before: MINER, MAHONEY, Circuit Judges and GOETTEL, District Judge.*

GOETTEL, District Judge:

Defendant-appellant Saab Cars USA, Inc. ("Saab") appeals from an order entered in the United States District Court for the District of Connecticut (Nevas, J.) denying Saab's motion to dismiss plaintiff-appellee's Title VII complaint for failure to file within the statutory time period. For the reasons that follow, the order of the District Court is reversed.

## FACTS

Plaintiff-appellee Will South was employed as a Field Support Manager for defendant-appellant Saab in Connecticut. On July 14, 1990, Saab terminated South, allegedly due to a company-wide reduction in force, and South signed a severance agreement and release.

South subsequently filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that he was terminated because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1), and in retaliation for his co-operation with an audit performed by the Office of Federal Contract Compliance. The EEOC issued South a "right to sue letter" on May 29, 1992. Pursuant to 42 U.S.C. § 2000e–5(f)(1), South had ninety days in which to commence a civil action.

According to plaintiff-appellee, on August 25, 1992, Igor Sikorsky, South's counsel, express mailed South's complaint to Deputy Sheriff Frank Kinney so that Kinney could effectuate service.[1] The Sheriff's Office received the complaint on August 26, 1992, one day before the statutory period for filing was to expire. However, the complaint was not properly filed with the district court until September 14, 1992, more than two weeks after the statutory period for commencing the action had expired.

According to plaintiff-appellee, the Sheriff's Office first attempted unsuccessfully to serve the complaint on Saab, and then served the complaint on the Connecticut Secretary of State's Office along with an affidavit explaining that Saab's Agent for Service was unavailable. The complaint did not have a summons with it, but rather was accompanied by a writ, which is apparently used in Connecticut state practice (see footnote 1). Plaintiff-appellee states that on September 1, 1992, five days after the expiration of the statutory period for commencing the action, Kinney attempted to file the writ in court, but was rebuffed because he had not filed the complaint in court before effecting service.

After the complaint had been properly filed with the district court, a summons was issued and service was effected on Saab's agent.

At the oral argument of this appeal plaintiff-appellee's counsel said that he was aware that a federal action could be commenced only by the filing of a complaint, and that service could only be accomplished after issuance of a summons by the clerk with the

---

* Honorable Gerard L. Goettel of the United States District Court for the Southern District of New York, sitting by designation.

1. It may be that Sikorsky intended to effectuate service pursuant to state law as provided for by Fed.R.Civ.P. 4(e)(1). Connecticut law provides that:

   All process shall be directed to a sheriff, his deputy, a constable or other proper officer authorized by statute, or, subject to the provisions of subsection (b) of this section, to an indifferent person.

Conn.Gen.Stat. § 52–50(a). Under Connecticut law, the summons is directed to "any proper officer" and commands the officer to summon an individual to appear before the court. Id. § 52–45b(1).

   Although Fed.R.Civ.P. 4(e)(1) does in certain circumstances allow the manner of service to follow state law, the form of the process to be served is in every case dictated by Fed.R.Civ.P. 4(a) and (c).

service of both the summons and the complaint on the defendant. He stated that in sending the complaint to the sheriff he assumed that the sheriff would also know this and would take the complaint to federal court to file it and obtain the summons.

## DECISION OF THE DISTRICT COURT

In October of 1992, Saab moved to dismiss the case, pursuant to Fed.R.Civ.P. 12(b)(6), due to plaintiff's failure to commence this action within the statutory period. The District Court denied the motion, invoking the doctrine of equitable tolling. Judge Nevas wrote:

> [T]he court cannot find that South's counsel was less than diligent in his attempts to file the complaint, or that he could be accused of even excusable neglect.

> . . . . .

> Based on the representations made to the court at oral argument on this motion, as well as the fact that the matter was actually given to the sheriff within the 90-day period, the court agrees with South's counsel that the circumstances leading to the delay were, if not exceptional, at least beyond his control. Certainly, the general principles of equity and fairness, upon which the equitable tolling doctrine is based, would not be well served if South were denied his day in court simply because the filing of this action was plagued with what can best be described as bad luck.

*South v. Saab Cars, USA, Inc.,* No. 92 Civ. 424, slip op. at 4–5 (D.Conn. July 29, 1993).

Saab now brings this interlocutory appeal under 28 U.S.C. 1292(b).

## ANALYSIS

Saab raises two issues on appeal: 1) whether the district court erred in denying its motion to dismiss despite the fact that South failed to file his complaint within 90 days of the issuance of the "right to sue letter," and 2) whether the district court improperly considered evidence concerning difficulties in effecting service on Saab that was unsupported by sworn affidavits or testimony.

We review a district court's decision to apply the doctrine of equitable tolling *de novo.* See *F.D.I.C. v. Dawson,* 4 F.3d 1303, 1308 (5th Cir.1993); *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 585 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994).

As a general matter, Title VII provides that if the EEOC dismisses a charge, or if it fails to file a civil action or enter into a conciliation agreement within the applicable time limitations, it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1).

This court has held that the 90-day rule can be equitably tolled in certain situations. See *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146 (2d Cir.1984). In *Johnson,* this court cited the Supreme Court for the proposition that "the 'remedial purpose of the [civil rights] legislation as a whole' would be defeated if aggrieved plaintiffs were absolutely barred from pursuing judicial remedies by reason of excusable failure to meet the time requirement." *Id.* (quoting *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982)).

The Supreme Court noted in *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* at 96, 111 S.Ct. at 457–58 (footnotes omitted). The doctrine of equitable tolling has also been applied where the court has led the plaintiff to believe that she had done all that was required of her, see *Carlile v. South Routt Sch. Dist. RE 3–J,* 652 F.2d 981, 986 (10th Cir.1981); where affirmative misconduct on the part of the defendant may have lulled plaintiff into inaction, see *Villasenor v. Lockheed Aircraft Corp.,* 640 F.2d 207, 207–08 (9th Cir.1981) (per curiam); where the

claimant has received inadequate notice, *see* *Gates v. Georgia–Pacific Corp.*, 492 F.2d 292, 295 (9th Cir.1974); and where a motion for the appointment of counsel is pending, *see* *Harris v. Walgreen's Distrib. Ctr.*, 456 F.2d 588, 591–92 (6th Cir.1972).

■2] However, a plaintiff's failure to act diligently is not a reason to invoke equitable tolling. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (per curiam) (pro se filing of the "right to sue letter" rather than the complaint did not toll the 90–day period). Similarly, lack of due diligence on the part of plaintiff's attorney is insufficient to justify application of an equitable toll. *See Irwin*, 498 U.S. at 96, 111 S.Ct. at 457–58 (equitable tolling was not proper where plaintiff's attorney was out of the country when EEOC notice arrived).

■] Plaintiff-appellee's counsel argues, in effect, that by mailing the complaint to the Sheriff's Office one day before the filing deadline, he made a diligent attempt to file the complaint and commence the action. However, nothing in the record or in practical experience suggests that plaintiff-appellee's counsel's reliance on the Sheriff's Office so late in the filing period was a manifestation of due diligence. Certainly, practitioners do not act with due diligence if they attempt to commence an action in federal court using inapplicable state court procedures.

■] Plaintiff-appellee's explanation for the late filing of the complaint discloses conduct that, in the words of the Supreme Court, "is at best a garden variety claim of excusable neglect," which fails to justify equitable tolling. *Id.* If the issue of equitable tolling turned on service, our conclusion would be less certain, since at least one attempt at service was apparently made within the statutory period for commencing the action. However, in federal court, the *filing* of the

complaint commences civil actions. ◁Fed. R.Civ.P. 3.[2] No attempt to file the complaint was made until 5 days after the expiration of the statutory period for commencing the action, and the complaint was not properly filed until 18 days after the limitations period had run.

## CONCLUSION

The order of the district court is reversed, and the action is remanded for the entry of an order dismissing the complaint for the failure of plaintiff-appellee to commence the action within the statutory limitations period.[3]

---

**2.** This rule does not apply when jurisdiction is based on diversity of citizenship, in which case state law governs the effective date of commencement for limitations purposes. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

**3.** In light of this disposition, we need not consider Saab's argument that the district court improperly based its ruling on inadmissible hearsay, specifically, Sikorsky's recitations of the Sheriff's Office's difficulties effectuating service.