**Richard LONG, Plaintiff,**

v.

**Andrew H. CARD, United States Secretary of Transportation, United States Department of Transportation, Federal Aviation Administration, Defendants.**

**No. 92–CV–5650 (JS).**

United States District Court,
E.D. New York.

April 13, 1995.

Carolyn Corn Bichoupan, Leeds & Morelli, Carle Place, NY, for plaintiff.

Zachary W. Carter, U.S. Atty., E.D.N.Y., Brooklyn, NY, by Beth P. Schwartz, Asst. U.S. Atty., for defendants.

## MEMORANDUM AND ORDER

SEYBERT, District Judge:

### BACKGROUND

In this action, plaintiff seeks damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (the *"FTCA"*), for emotional distress, pain and suffering arising out of his former employment as an air traffic control specialist for the Federal Aviation Administration (the *"FAA"*). Plaintiff also claims that, as a result of his former alcoholic condition and in contravention of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, he endured discrimination during his employ-

ment with the FAA between March 1985 through May 1987, when he accepted disability retirement,[1] and in his efforts beginning in July 1989 to obtain reinstatement as an air traffic control specialist. Plaintiff further asserts that defendants improperly summarily rejected his 1989 request for reinstatement and failed to adhere to a later settlement agreement pursuant to which plaintiff's request for reinstatement was to be reconsidered.

The federal government has moved to dismiss plaintiff's claims, arguing that the Court lacks subject matter jurisdiction. Specifically, the federal government alleges that the limitations periods for bringing the claims have run. Plaintiff concedes that his claims are time-barred but argues that the principle of equitable tolling should be applied to allow him to maintain this action.

## DISCUSSION

■ Because of the interplay between two procedural requirements for suing defendants under a tort theory of liability, plaintiff's suit under the FTCA is time-barred. Under 28 U.S.C. § 2675(a), a party suing the United States in tort must first have presented the claim to the relevant federal agency and have the claim denied. Once the agency mails a notice of final denial, the party then has six months to institute a court action. 28 U.S.C. § 2401(b). Plaintiff presented his claim for pain and suffering to the FAA in April 1988 and was denied relief in November 1988. Plaintiff filed suit on May 16, 1989 (the *"May 1989 Lawsuit"*) in the United States District Court for the Eastern District of New York seeking further redress. On September 7, 1989, plaintiff voluntarily discontinued this suit in order to seek reinstatement from the FAA. Plaintiff's request for reinstatement was denied on October 25, 1989 and on December 21, 1989, plaintiff filed another suit in federal court (the *"December 1989 Lawsuit"*), this time in the Southern District of New York, again seeking, among

other relief, damages for emotional pain and suffering. In July 1990, the parties discontinued by stipulation and without prejudice the December 1989 Lawsuit because a settlement had been reached in March 1990 before the Merit Systems Protection Board (the "MSPB") regarding reconsideration of plaintiff's reinstatement request.

Plaintiff filed other administrative claims for reinstatement but the November 1988 administrative proceeding appears on the limited record before the Court to be the only administrative action in which damages in tort were sought. Accordingly, when plaintiff commenced the instant suit on September 18, 1992, the six-month period for appealing the FAA's administrative decision had long since expired. Unless a basis exists for equitably tolling the FTCA six-month limitations period, plaintiff's tort claim is barred.

■ In *Irwin v. Veterans Admin.,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court held that equitable tolling can be applied to preserve actions brought against the federal government that would otherwise be time-barred. *Id.* at 94, 111 S.Ct. at 457; *see also Long v. Frank,* 22 F.3d 54, 58 (2d Cir.1994) ("As a threshold matter, we note that equitable tolling applies in cases where the federal government is a party defendant unless Congress expresses its intent to the contrary."), *cert. denied,* —— U.S. ——, 115 S.Ct. 938, 130 L.Ed.2d 883 (1995). Once Congress has waived its sovereign immunity with respect to particular suits, "making the rule of equitable tolling applicable to suits against the Government in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver." *Irwin,* 498 U.S. at 94, 111 S.Ct. at 457. The Supreme Court noted, however, that "[f]ederal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively

---

1. According to his complaint, plaintiff had been employed as an air traffic control specialist in August 1981 when the Professional Air Traffic Controllers Organization, a labor organization representing air traffic controllers, called for a strike and ordered its members, including plain-

tiff, not to work. Plaintiff did not report to work and was removed by the FAA from his position effective August 27, 1981 for engaging in the strike. Plaintiff challenged his removal, claiming that his participation in the strike was coerced, and was reinstated to his position in March 1985.

pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458 (footnotes omitted); *see also South v. SAAB Cars USA, Inc.,* 28 F.3d 9, 11 (2d Cir.1994) (listing similar factors as bases for allowing equitable tolling).

■■■ The examples cited by the Supreme Court in *Irwin* makes clear that the facts of this case do not justify tolling the six-month limitations period applicable to plaintiff's FTCA claim. Plaintiff alleges that he voluntarily terminated the May 1989 Lawsuit and delayed in pursuing further court redress partly in an effort to avoid litigation. A strategic decision to avoid litigation cannot, however, in and of itself, warrant a tolling of the limitations period. To the contrary, limitations periods are designed to protect parties from suits commenced late for strategic purposes.

> In enacting the FTCA limitations period, 28 U.S.C. § 2401(b), Congress struck a balance between providing a reasonable time for plaintiffs to present tort claims against the United States and preventing assertion of stale claims. Courts are not free to construe section 2401(b) so as to defeat that section's purpose of encouraging prompt presentation of claims against the federal government.

*Pipkin v. United States Postal Service,* 951 F.2d 272, 275 (10th Cir.1991).

Nor, contrary to plaintiff's assertions, could misconduct by defendants have spurred plaintiff's decision to commence the May 1989 Lawsuit so near the last day permitted under the FTCA's six-month limitations period[2] and later to terminate that suit voluntarily. Plaintiff has offered no reason attributable to his adversaries for commencing the May 1989 Lawsuit within the last two weeks of the six-month limitations period. Plaintiff has also failed to articulate why he discontinued the May 1989 Lawsuit other than to state that he first sought to pursue his administrative remedy of reinstatement. Plaintiff, who was represented by counsel at the time, should have realized that since he filed the May 1989 Lawsuit so close to the end of the limitations period, he would not have much, if any, additional time to refile his suit if he were not reinstated.

■■■ Even if the Court ignores the period between May 1989 and September 1989 during which the May 1989 Lawsuit was pending, plaintiff's refiling of a similar lawsuit in December 1989 would still be outside the limitations period and therefore barred. *See DeCasenave v. United States,* 991 F.2d 11, 13 (1st Cir.1993) (where even when plaintiffs in that action were given credit for the period during which their first lawsuit was pending, their recommencement of the suit still occurred after the time remaining in the applicable limitation period had passed).[3] Given that the December 1989 lawsuit would have been barred, plaintiff cannot argue, as he attempts, that the period between commencement of the December 1989 lawsuit and the filing of the instant action in 1992

**2.** Defendants claim that the FAA issued its administrative ruling on November 16, 1988, rendering May 16, 1989, the date on which plaintiff filed the May 1989 Lawsuit, the last day permitted under the FTCA limitations period for commencing a court action. Plaintiff's complaint and response papers are vaguer as to date on which the FAA's decision was issued, noting only that it was sometime in November 1988. The record contains no copy of the FAA's decision. For purposes of deciding this motion, however, the exact date on which the FAA rendered its decision is not critical. The Court will, therefore, assume that the decision was rendered sometime during the second half of November 1988.

**3.** In any event, courts have declined to toll the period during which a lawsuit, that was later

voluntarily dismissed, was pending. *See Smith v. Mount Sinai Hosp. & Med. Ctr.,* 1990 WL 33576, at *2, 1990 U.S.Dist. LEXIS 3184, at *5 (S.D.N.Y. March 22, 1990) ("It is generally accepted that voluntary dismissal or discontinuance of prior suits does not toll the statute of limitations. That is because 'voluntary dismissal of a suit leaves the situation ... the same as though the suit had never been brought....'" (quoting *A.B. Dick Co. v. Marr,* 197 F.2d 498, 502 (2d Cir.), *cert. denied,* 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680 (1952)); *Goff v. United States,* 659 F.2d 560, 561 (5th Cir.1981); *Taylor v. Bunge Corp.,* 775 F.2d 617, 619 (5th Cir.1985); *Cardio-Medical Assocs. v. Crozer–Chester Med. Ctr.,* 721 F.2d 68, 77 (3d Cir.1983).

should be tolled on the theory that plaintiff was induced into delaying his pursuit of court remedies by defendants' attempts to settle the case. Plaintiff simply has not alleged facts sufficient to allow tolling because of trick or inducement with respect to the period prior to expiration of the FTCA limitation period. Rather, plaintiff appears simply to have "failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96, 111 S.Ct. at 458; *see also South*, 28 F.3d at 12 ("a plaintiff's failure to act diligently is not reason to invoke equitable tolling.... Similarly, lack of due diligence on the part of plaintiff's attorney is insufficient to justify application of an equitable toll." (citations omitted)); *DeCasenave v. United States*, 991 F.2d 11, 13 (1st Cir.1993) (applying equitable tolling principles in FTCA case); *Pipkin*, 951 F.2d at 275 (noting that tolling of the federal statute of limitations applicable to FTCA claims is allowed only in a narrowly defined class of cases); *Whittaker v. United States*, 815 F.Supp. 764, 765 (D.Vt.1993) (applying equitable tolling principles in FTCA case).

■ As in the case of plaintiff's cause of action under the FTCA, plaintiff's claims against defendants for their failure to reinstate him to his position as an air traffic control specialist are time-barred. As noted previously, plaintiff's dispute with the FAA for failing to reinstate him was settled in March 1990 before the MSPB. Plaintiff a few months later withdrew his action before the MSPB. As a result of disagreements relating to the settlement, plaintiff, in February 1992, sought the MSPB's assistance once again, this time in enforcing the settlement agreement. The MSPB declined jurisdiction over the enforcement action on March 24, 1992, notifying plaintiff that its decision would became final on April 28, 1992. Accordingly, pursuant to 5 U.S.C. § 7703(b)(2), plaintiff was obligated to bring suit in federal court by no later than 30 days after the MSPB's decision became final, *i.e.*, by the

end of May 1992, in order to preserve his discrimination claims and those relating to defendants' alleged breach of the settlement agreement.[4] Plaintiff, however, did not commence the instant action until mid-September 1992, more than three months after the date on which the limitations period expired.

■ Plaintiff again alleges that because of defendants' misconduct, he is entitled to an equitable tolling of the limitations period. A number of courts have, under the authority of *Irwin*, held that the limitations period in 5 U.S.C. § 7703(b)(2) may be subject to equitable tolling in an appropriate case. *See Nunnally v. MacCausland*, 996 F.2d 1, 4 (1st Cir.1993) (collecting cases). In this case, plaintiff claims that defendants refused to comply with their obligations under the March 1990 settlement agreement reached in March 1990 and that their conduct caused his delay in bringing this lawsuit. The settlement disputes to which plaintiff refers, however, all pre-date plaintiff's February 1992 enforcement action before the MSPB. Plaintiff does not allege that after his appeal to the MSPB for assistance, defendants took any action that might have "lulled" him into delaying the instant suit for more than three months after the date on which it should have been filed. Plaintiff's delay in pursuing judicial review seems to be "at best a garden variety claim of excusable neglect" that cannot be pardoned. *Irwin*, 498 U.S. at 96, 111 S.Ct. at 458; *see also South*, 28 F.3d at 12. Accordingly, plaintiff's discrimination and contract-related claims are untimely and must be dismissed.

### CONCLUSION

Based on the foregoing, the Court grants the government's motion to dismiss in its entirety.

SO ORDERED.

---

4. As in the case of the FTCA, plaintiff could not seek redress in federal court with respect to his discrimination or contract-related claims until he first pursued administrative remedies. *See* 5 U.S.C. § 7703(b)(2) ("Any such case ... must be filed within 30 days after the date the individual filing the case *received notice of the judicially* *reviewable action* under ... section 7702.") (emphasis supplied). The March 24, 1992 letter from the MSPB was the last administrative action to occur related to these claims and explicitly authorized plaintiff's seeking of judicial review.