In Re: **UNITED STATES LINES, INC. United States Lines (S.A.) Inc., Debtors.**

**Asbestosis Claimants, Appellant,**

**v.**

**U.S. Lines Reorganization Trust, Appellee,**

**United States Lines, Inc., United States Lines (S.A.) Inc., Debtors–Appellees.**

**Docket No. 01–5076.**

United States Court of Appeals, Second Circuit.

Argued Oct. 8, 2002.

Decided Jan. 28, 2003.

Alan Kellman, Maritime Asbestosis Legal Clinic, Detroit, MI, for Appellant.

Herbert I. Waldman, Marcus, Dubrow & Simon, Maplewood, NJ, for Appellees.

Before: WALKER, Chief Judge, CARDAMONE and STRAUB, Circuit Judges.

JOHN M. WALKER, JR., Chief Judge.

Appellant Asbestosis Claimants appeals from the affirmance by the District Court for the Southern District of New York (Robert W. Sweet, *Judge* ) of a bankruptcy court's order expunging the appellant's tort claims against the debtors-appellees United States Lines, Inc., and United States Lines (S.A.) Inc., (collectively "United States Lines") and appellee U.S. Lines Reorganization Trust ("the Trust") because the statute of limitations had expired. We affirm.

## BACKGROUND

The case arises from the drawn-out litigation and settlement negotiations pertaining to the more than 20,000 separate claims on behalf of over 14,000 merchant seamen (collectively "Asbestos Claimants") for exposure to asbestos while working on ships operated by the debtors-appellees. The complex procedural history of this case has been ably set forth in the district court opinion. *See U.S. Lines, Inc. v. U.S. Lines Reorganization Trust,* 262 B.R. 223, 2001 U.S. Dist. LEXIS 6612 (S.D.N.Y. 2001). We reiterate only so much of it as is necessary for this opinion.

In 1986, the Maritime Asbestosis Legal Clinic ("MALC"), which represents Asbestosis Claimants, began filing individual maritime asbestos-related causes of action against United States Lines and other shipowners. That year, United States Lines filed for bankruptcy. In 1993, the bankruptcy court defined the level of documentation required for MALC's asbestos claims and provided that "the Trust may move to expunge claims where compliant and timely Initial Documentation has not been provided." The bankruptcy court also provided that any order allowing litigation to proceed must recommend that those cases be transferred to the Asbestos Multi–District Litigation Court ("MDL

Court"), established in the District Court for the Eastern District of Pennsylvania in 1991. *See In re Asbestos Prod. Liab. Litig. (No. VI),* 771 F.Supp. 415 (J.P.M.L. 1991).

MALC repeatedly failed to comply with court orders that it file necessary documentation in support of the appellant's claims of injury due to exposure to asbestos. At a proceeding on June 5, 1997, the bankruptcy court lifted an injunction against litigation, which had lasted seven years as the parties attempted unsuccessfully to negotiate a settlement. The bankruptcy court explained:

> MALC's settlement strategy over the last four years included failing to produce any documentation other than [background information]. Thus it chose to go forward with settlement negotiations, but not in accordance with the terms of the June 1993 Order [requiring further documentation for claimants]. But that strategy was risky, and has proved unwise. MALC's cry that it needs the continued restraint on litigation rings hollow to the Court. . . . [I]t chose to pursue a path that was apparently premised on the theory that the sheer volume of claims would force a settlement without the necessity of producing the additional documentation as provided for in the June 1993 Order. The stalemate that has plagued this case must be ended.

MALC objected to lifting the litigation injunction, arguing that the statutory thirty-day period starting June 5 was too little time to file its 15,000 civil action complaints, and that it needed six weeks. The bankruptcy court accommodated this request by signing the order on June 22, 1997, granting MALC an extra seventeen days and effectively providing the full six weeks that MALC had sought. MALC still failed to file the required documents

at the end of the six-week period. In 1998, the District Court for the Southern District of New York (Michael B. Mukasey, *Judge*) affirmed the lifting of the stay against litigation and ordered MALC to file any resulting actions in the District Court for the Southern District of New York, and stated that those actions would be subject to immediate transfer to the MDL Court. *See In re United States Lines, Inc.*, 1998 WL 382023, at \*3–\*7 (S.D.N.Y. July 9, 1998). In 1999, MALC filed a motion before Judge Mukasey, which, without invoking a specific Federal Rule of Civil Procedure, requested, *inter alia*, an order granting those claimants who had not yet filed actions leave to file such complaints in the District Court for the Northern District of Ohio (because it allowed complaints to be filed electronically via the Internet), and relieving the current claimants of the requirement that they file separate civil complaints in the Southern District of New York. In April 1999, Judge Mukasey denied MALC's motion, and in June 2000, we affirmed his ruling and noted MALC's unwise and dilatory volume strategy. *See Maritime Asbestosis Legal Clinic v. United States Lines (S.A.) Inc.*, 216 F.3d 228, 231 (2d Cir.2000) (quoting the bankruptcy court's criticism of MALC's handling of settlement negotiations).

Meanwhile, in May 1999, the Trust moved to expunge MALC's claims, and on March 8, 2000, the bankruptcy court granted the motion, expunging 23,911 claims for which MALC had failed to adhere to the 1997 order. Again the bankruptcy court faulted MALC's volume strategy and its "stubborn refusal" to document its claims. After the motion for expungement, but before the decision, MALC belatedly filed 2,935 more complaints. The district court determined that MALC had failed to pay the required filing fees, but withdrew the expungement order as to

these claims because the cases had been transferred to the Asbestos Multi–District Litigation established in the Eastern District of Pennsylvania. In that district, Judge Charles R. Weiner dismissed these claims on August 17, 2000. *See In re Asbestos Prod. Liab. Litig. (No. VI)*, No. 2 MDL 875 (E.D.Pa. Aug.17, 2000); *see also U.S. Lines, Inc.*, 262 B.R. at 237, 2001 U.S. Dist. LEXIS 6612 at \*33. As appellees note, Judge Weiner had previously reviewed samples of these claims and observed that the appellant's documentation included statements by doctors that a significant number of the plaintiffs have no asbestos-related injury, and that few, if any, of the plaintiffs have provided any evidence of any significant injury. Moreover, he found that some of the claims were on behalf of seamen who did not sail on the debtor's vessels, and others were devoid of initial documentation or were redundant. Regarding the claims or potential claims remaining in the Southern District of New York, Judge Sweet affirmed the bankruptcy court's March 2000 expungement order and rejected the appellant's request for equitable tolling. This appeal from Judge Sweet's judgment followed.

## DISCUSSION

Appellant first argues that the district court erred in not reviewing the equitable tolling question *de novo*. Appellant contends that the district court should have reviewed questions of both law and fact *de novo*, relying on *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11 (2d Cir. 1994). For the purposes of judicial review, the distinction between law and fact is well-established. The district court correctly applied *Saab Cars* by reviewing only legal questions *de novo*. Ruling on MALC's motion for reconsideration, the district court explained that while "conclu-

sions of law are reviewed *de novo,* individual findings of fact that lead to a legal conclusion must be reviewed under the more restrictive clearly erroneous standard." *Asbestos Claimants v. U.S. Lines Reorganization Trust,* 2001 WL 1152824, at *1, (S.D.N.Y. Sept.25, 2001) (citing 9 Moore's Federal Practice § 52.32[4] ); *see also* Fed.R.Civ.P. 52(a); *Thrift Drug, Inc. v. Universal Prescription Adm'rs,* 131 F.3d 95, 97 (2d Cir.1997). The district court correctly deferred to the bankruptcy court's factual findings that MALC had failed to document its claims, engaged in delay tactics, and pursued a volume strategy.

■ Second, the appellant argues that the claimants are entitled to equitable tolling of the statute of limitations.[1] Judge Sweet handled this question thoroughly and correctly. Under the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order "to prevent inequity." *Chao v. Russell P. Le Frois Builder, Inc.,* 291 F.3d 219, 223 (2d Cir.2002) (quoting *Warren v. Garvin,* 219 F.3d 111, 113 (2d Cir.2000)); *see also Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996) (holding equitable tolling appropriate where a party is "prevented in some extraordinary way from exercising his rights") (internal quotation marks omitted). MALC fails to present any compelling circumstances, and instead asks for a very broad exception to the statute of limitations, if not an exemption, in order to further protract this dispute. MALC claims to have pursued the claims diligently, but can point only to legal maneuvers that either sought further delays and stays or simply continued their unwise "volume strategy" with more and more claims. MALC lists in support of its claim of diligent prosecution: two motions for stays; a

motion for additional time to file claims; a motion to amend in order to add more claims; and its filing of the 2,935 additional claims. MALC found time to pursue these dilatory motions, but it fails to cite any concrete efforts to comply with the court orders to file the individual complaints and supporting documentation.

MALC complains that the statute of limitations should not have begun to run until there was a final determination of the venue question, which did not occur until this court resolved it on June 16, 2000. *See Maritime Asbestosis Legal Clinic,* 216 F.3d at 233–35. The district court properly rejected this argument, concluding that even "during the ensuing nine months [after this Court's final venue decision in 2000] no action was taken by MALC to comply with the June 1997 Order despite the pendency of the expungement motion." MALC has been on notice since 1993 that it needed to document its claims with medical history in order for the settlement to go forward, and was put on unmistakable notice in June 1997 of the risk of expungement. At that time, MALC told the bankruptcy court it needed six weeks to file the individual complaints, and it was generously given the six weeks, more than the law required. Over five years later, MALC still shows no evidence of trying to comply with the documentation order, and offers no valid excuses for its repeated failures.

■ MALC seeks reinstatement of the 2,935 claims filed after the expungement motion but before the expungement order. Those claims are now properly within the jurisdiction of the District Court for the Eastern District of Pennsylvania, which ordered them dismissed on August 17, 2000, as we noted above. Neither these claims, nor the order dismissing them, are within our jurisdiction.

---

1. The appellant does not dispute that the statute of limitations has in fact expired.

Finally, it is well-established that a litigant who seeks equity must do equity. *See Overall v. Estate of Klotz,* 52 F.3d 398, 404 (2d Cir.1995). A plaintiff must prosecute his suit diligently to be eligible for equitable tolling. *See Haekal v. Refco, Inc.,* 198 F.3d 37, 43 (2d Cir.1999). MALC has utterly failed to pursue its clients' rights equitably, diligently, or professionally. At every level, from the bankruptcy court to the district court to the Court of Appeals and back, courts have commented on MALC's irresponsible handling of this case. We are not unsympathetic with MALC's clients, some of whom may have valid legal claims. However, because of their lawyers' incompetence and inexcusable disregard for court orders, their claims have been properly expunged. Their recourse, if at all, lies elsewhere.

## CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.