**Dr. Billy James TAYLOR,**
**Plaintiff–Appellant,**

v.

**Anthony J. PRINCIPI, Under Secretary**
**for Health, Department of Veterans**
**Affairs, Defendant–Appellee.**

**No. 03–5330.**

United States Court of Appeals,
Sixth Circuit.

March 11, 2004.

Mathew R. Zenner, Blackburn & McCune, Nashville, TN, for Plaintiff–Appellant.

S. Delk Kennedy, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Defendant–Appellee.

Before: BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and ALDRICH, District Judge.*

## ORDER

Dr. Billy James Taylor, who is represented by counsel, appeals a district court order dismissing a civil action seeking judicial review of a final decision by the Department of Veterans Affairs (VA) terminating his position with the VA Medical Center in Murfreesboro, Tennessee. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Taylor was terminated in 1997 as a physician at the Alvin C. York Medical Center, a VA hospital. After various investigations by the VA, Taylor received a letter dated September 22, 1997, notifying Taylor that he was terminated from his position and that he had the right to appeal the termination to a Disciplinary Appeals Board. Taylor was also notified that he could request a hearing before the board.

The letter specifically advised Taylor that his appeal and any request for a hearing "must be submitted through the Office of Human Resources Management, to the Under Secretary for Health, VA National Headquarters, 810 Vermont Avenue, N.W., Washington, DC 20420, so as to be received no later than thirty (30) days after your receipt of this decision." The letter further stated that a copy of the appropriate rules was attached to provide Taylor with the necessary information regarding any appeal.

On October 23, 1997, Taylor's attorney faxed a letter to Gene Konik, the Director of the Medical Center, stating that the purpose of the letter was to submit a notice of appeal to the board and that a copy of the formal notice of appeal was enclosed. Konik's office received a hard copy of the letter and notice of appeal on October 24, 1997. Five months later, on March 31, 1998, Taylor's attorney sent a letter to the Under Secretary of Health, together with a copy of the notice of appeal. The letter acknowledged that the notice of appeal was untimely, but requested that the Under Secretary allow the appeal to proceed if it was within his discretion to do so. In support of his request, Taylor's attorney stated that he had submitted a notice of appeal within the thirty-day deadline, but that his secretary had mistakenly addressed the letter to the director of the medical center. Taylor's attorney took personal responsibility for the error, stating "I was in the midst of preparing for a complicated lawsuit and signed my correspondence quickly without noticing the mistake."

In response, Taylor's attorney received a letter dated April 28, 1988, from Kenneth Clark, Chief Network Director, acknowledging receipt of Taylor's appeal. The letter noted that 38 U.S.C. §§ 7461–74 require that appeals to the board must be received within thirty days of the date the appealable decision was served upon the employee and that department regulations require the appeal to be sent to the Under Secretary or designee. It also stated, "The time frames, along with the address where the appeal was to be filed, were clearly stated in Dr. Taylor's discharge letter." The letter then advised that Tay-

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

lor's appeal was rejected as untimely because Taylor received his discharge letter on or about September 22, 1997, but his appeal was not received until April 1998, outside the required thirty-day filing deadline.

Dr. Taylor filed a complaint appealing the Under Secretary's decision to the district court on October 20, 1998, alleging violations of procedural due process and arguing that the decision should be set aside pursuant to 38 U.S.C. § 7462(f)(2) as arbitrary and capricious. On September 14, 1999, the Under Secretary moved to dismiss the complaint. On November 29, 1999, the district court dismissed the due process claim, but declined to dismiss the § 7462(f)(2) claim.

On July 20, 2001, having received briefs from both parties, the district court found that the VA had failed to follow its own regulations by not convening the board. The district court therefore concluded that the decision was arbitrary and capricious. The court vacated the Under Secretary's decision rejecting Taylor's appeal as untimely and remanded the case to the board for further proceedings. The order specifically required that the Secretary provide a "reasoned decision ... explaining why [plaintiff's] appeal was rejected as untimely and addressing plaintiff's arguments that: 1) the timeliness of plaintiff's appeal must be determined by the [board] in the first instance; 2) plaintiff's appeal was timely submitted to Gene Konik, an agent of the Secretary; and 3) the Secretary had discretion to equitably toll the period for filing the appeal." The case was administratively closed until either party moved to have it reopened.

In November of 2001, pursuant to the district court's July 20, 2001 order, the Under Secretary convened a board and each side submitted briefs on the issue of whether or not Dr. Taylor's appeal should be considered. The board denied Dr. Taylor's appeal as untimely and the Under Secretary adopted the decision as the agency's final administrative action on February 7, 2002. Following this decision, Taylor filed a motion to reopen the case with the district court, which was granted on May 9, 2002. Taylor then moved to have the board's decision set aside under § 7462(f)(2) as arbitrary and capricious. The district court subsequently dismissed the case concluding that the board's decision in rejecting the appeal as untimely was supported by substantial evidence.

In his timely appeal, Taylor continues to argue that the VA's decision that the appeal was untimely was arbitrary and capricious, that the board's decision was retaliatory, and that the appeal time should have been equitably tolled.

Under § 7462(f)(2), an employee adversely affected by a final order or decision by a disciplinary appeals board may obtain judicial review of the order or decision. In reviewing the decision:

[The] court shall review the record and hold unlawful and set aside any agency action, finding, or conclusion found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) obtained without procedures required by law, rule, or regulation having been followed; or

(C) unsupported by substantial evidence.

38 U.S.C. § 7462(f)(2).

To determine whether an agency's decision is arbitrary or capricious, the court must consider whether the decision is based on a consideration of the relevant factors and whether there has been a clear error of judgment. See *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1355 (6th Cir. 1994). An agency's decision may be considered arbitrary and capricious if "the

agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Henry Ford Health Sys. v. Shalala,* 233 F.3d 907, 911 (6th Cir.2000) (citation omitted). Although the court may not supply a reasoned basis for the agency's action that the agency itself has not given, a decision of less than ideal clarity should be upheld if the agency's path may reasonably be discerned. *See Lansing Dairy,* 39 F.3d at 1355.

To determine whether the board's findings are supported by substantial evidence, the court must determine whether the board considered "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion reached." *R.P. Carbone Constr. Co. v. Occupational Safety & Health Review Comm'n,* 166 F.3d 815, 818 (6th Cir.1998). The court must affirm an agency decision, supported by substantial evidence, even if the court would decide the issue differently. *See Bogle v. Sullivan,* 998 F.2d 342, 347 (6th Cir.1993).

■ The board's decision was not arbitrary, capricious, or an abuse of discretion. In addition, the board's decision is supported by substantial evidence. It is undisputed that Taylor was given specific directions on how and where to file his appeal so he could have a hearing before the board. It is also undisputed that Taylor's attorney did not file the notice of appeal with the proper authority within the authorized time period. Rather, more than five months after the original notice had been filed, Taylor's attorney attempted to correct his error. As the board's decision that Taylor did not comply with the agency's regulations in filing a timely

appeal is supported by substantial evidence, the district court properly concluded that the board's decision was not arbitrary or capricious. *Id.*

Taylor also asserts that the board's decision was retaliatory. However, the fact remains that Taylor's attorney failed to file a timely appeal. Therefore, the board's decision that the appeal was not timely filed cannot be deemed retaliatory.

■ Finally, Taylor was not entitled to equitable tolling. Taylor's attorney erred in failing to file the notice of appeal with the appropriate authority, despite clear instructions from the VA. The attorney's error does not entitle Taylor to equitable tolling. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 12 (2d Cir.1994).

Accordingly, we affirm the district court's order.