09-0597-cv
Delahaye v. Hoyt Transportation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

Present: RICHARD C. WESLEY,
         GERARD E. LYNCH,
                    *Circuit Judges*,
         MARK R. KRAVITZ
                    *District Judge.*[*]

_____

KAREEN DELAHAYE,

      *Plaintiff-Appellant*,

     - v. -                          (09-0597-cv)

HOYT DAK TRANSPORTATION,

      *Defendant-Appellee*,

TRICIA MIMS,

      *Defendant*.

_____

For Appellant:        KAREEN DELAHAYE, *pro se*, Brooklyn,

---

[*] The Honorable Mark R. Kravitz, United States District Court for the District of Connecticut, sitting by designation.

New York.

For Appellee: PAUL S. DOHERTY, III (Anthony J. Cincotta, *of counsel*), Hartmann Doherty Rosa Berman & Bulbulia, LLC, Hackensack, New Jersey.

Appeal from the United States District Court for the Eastern District of New York (Cogan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 6, 2009 judgment of the United States District Court for the Eastern District of New York is **AFFIRMED.**

Plaintiff Kareen Delahaye, *pro se*, commenced this wrongful-termination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court granted defendant-appellee's motion for judgment on the pleadings, holding that plaintiff's claim is time-barred because she did not file a timely administrative charge. Plaintiff now appeals that decision. We presume the parties' familiarity with the underlying allegations, the procedural history of the case, and the issues on appeal.

Plaintiff does not dispute that her claims are untimely under the statute. *See id.* § 2000e-5(e)(1). Instead, she argues that the district court erred by failing to apply

2

equitable tolling based on the fact that she was advised by counsel "not to file . . . an administrative appeal." Under our case law, however, this contention is insufficient to warrant equitable tolling. *See, e.g.*, *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994); *see also Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (providing examples of circumstances where equitable tolling would be appropriate). Therefore, the district court did not err in dismissing plaintiff's claim on this basis.

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, the February 6, 2009 judgment of the district court is **AFFIRMED**.

For the Court
Catherine O'Hagan Wolfe, Clerk

3