Moses v. Westchester County Department of Corrections

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
WILLIAM H. PAULEY III,*
*District Judge.*

------------------------------------------------------------------

MANUEL MOSES, AS ADMINISTRATOR D.B.N. of the Goods, Chattels and Credits which were of Zoran Teodorovic, Deceased,

*Plaintiff-Appellant*,

v.                                                    17-3323-cv

---

\* Judge William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, WESTCHESTER COUNTY, and PAUL M. COTÉ,

*Defendants-Appellees.*

-----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | MANUEL BRAD MOSES, pro se, New York, NY. |
| | |
| FOR DEFENDANTS-APPELLEES WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS and WESTCHESTER COUNTY: | KIMBERLY A. SANFORD (Urs Broderick Furrer, Harriton & Furrer, LLP, Armonk, NY; Justin R. Adin, Westchester County Attorney's Office, White Plains, NY, *on the brief*) Harriton & Furrer, LLP, Armonk, NY. |
| | |
| FOR DEFENDANT-APPELLEE PAUL M. COTÉ: | Paul M. Coté, pro se, Mahopac, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Manuel Moses, an attorney proceeding pro se as the administrator for the estate of Zoran Teodorovic, filed this lawsuit under 42 U.S.C. § 1983 against the Westchester County Department of Corrections and

Westchester County (together, the "County Defendants"), and Paul M. Coté, pro se,[1] a former corrections officer at the Westchester County Jail, alleging that Coté violated Teodorovic's constitutional rights by using excessive force that resulted in Teodorovic's death, and that the County Defendants are liable under Monell v. Department of Social Services., 436 U.S. 658 (1978). The District Court (Ramos, J.) concluded that the complaint was time barred, that no extraordinary circumstances merited equitable tolling, and that Moses's Monell claim failed on the merits. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The statute of limitations for Moses's Section 1983 claims, which arise in New York, is three years, Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009), and those claims accrued when he knew "or ha[d] reason to know of the injury which is the basis of his action," Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013) (quotation marks omitted). Moses sought to toll the limitations period

---

[1] Although Coté did not appear or submit briefs on appeal, we construe the argument of the County Defendants as to the timeliness of the lawsuit in this case to apply equally to Coté.

under the New York law doctrine of equitable tolling, which "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007) (quotation marks omitted). But we have recognized that equitable tolling applies in "rare and exceptional circumstances." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quotation marks omitted). The plaintiff "bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling . . . claim have ceased to be operational." Abbas, 480 F.3d at 642 (quotation marks omitted).

We agree with the District Court that Moses's action was time barred and that the circumstances did not warrant equitable tolling. On summary judgment, Moses presented no record evidence that "fraud, misrepresentations or deception," id., prevented representatives of Teodorovic's estate from pursuing a timely claim. The excessive force occurred in 2000; Teodorovic listed Stephanie Bentley, his stepmother, as his emergency contact, and she was informed of Teodorovic's injuries soon after he sustained them; Bentley wrote Mirka Furst

4

(Teodorovic's sister) about his death in 2002; and as early as 2004 Furst started the process of retaining a lawyer. There was also evidence that the Department of Justice arranged for Furst to travel to Coté's trial in 2006 and that Teodorovic's family then hired a lawyer, who attempted to file a late notice of claim in State court in January 2007. Nothing that followed after January 2007 rises to the level of an "extraordinary circumstance[]" justifying equitable tolling. See Jastremski, 430 F.3d at 564. When the New York State Court denied the motion to file a late notice of claim, the family's lawyer opted not to pursue the claims. The lawyer's strategic choice here does not justify equitable tolling. See South v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994). Even if we were to conclude that the statute of limitations started running in April 2007, when the State court denied permission to file a late claim, Moses's complaint still would not have been timely because it was filed more than three years later, in December 2010. Under these circumstances, we cannot say that the District Court abused its discretion by denying equitable tolling.

Because we agree that Moses's suit was untimely and that the District Court did not abuse its discretion by denying equitable tolling, we need not and

5

do not address the District Court's alternative holding dismissing the <u>Monell</u> claim against the County Defendants on the merits.

We have considered all of Moses's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court