Bernard R. SPIRA, Plaintiff,

v.

ETHICAL CULTURE SCHOOL, Samuel
L. Florman, John Clarke and David
Shapiro, Defendants.

No. 95 Civ. 1570 (HB).

United States District Court,
S.D. New York.

June 14, 1995.

Bernard R. Spira, New York City, pro se.

John D. Geelan, Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendants.

## MEMORANDUM AND ORDER

BAER,[1] District Judge.

Plaintiff Bernard R. Spira sues his former employer, Ethical Culture School, and Samuel L. Florman, John Clarke and David Shapiro, for allegedly discriminating against him on the basis of his age. The defendants move to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Spira's failure to comply with the 90–day limitations period within which to bring suit. For the reasons below, the defendants' motion to dismiss is GRANTED.

### I. BACKGROUND

Plaintiff filed a complaint of employment discrimination against defendant Ethical Culture School with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights in September 1992. At that point, the EEOC informed Spira in writing that he could initiate a private suit "at any time from 60 days after the date you filed your charge until 90 days after you receive notice from EEOC that it has completed action on the charge." Geelan Aff. Ex. 2 at 2.

On November 8, 1994, the EEOC sent Spira a "Right-to-Sue" letter, which informed

1. Megan Ouchterloney, a second-year student at Fordham University School of Law, assisted in the research and preparation of this Memorandum.

Spira that the EEOC had concluded its investigation and that he had 90 days from the receipt of the letter to file suit. Spira filed suit against the defendants on March 7, 1995, which was approximately 114 *calendar* days after the letter's receipt, but less than 90 *working* days after that date.

Spira claims that when he inquired at the EEOC office of the procedure for initiating suit, an EEOC worker orally informed him that the 90–day limitations period was calculated in working, as opposed to calendar, days. Spira asserts that his failure to satisfy the actual limitations period should therefore be excused. Moreover, argues Spira, "The complaint is of no prejudice to the defendants since they were aware of my claim for several years." Pl.'s Letter Br. at 1.

## II. DISCUSSION

■ If a plaintiff does not file suit within 90 days of his or her receipt of the Right-to-Sue letter, the plaintiff's suit must be dismissed, save extraordinary circumstances. *Cheng v. Metropolitan Life Ins. Co.,* No. 94 Civ. 0808, 1995 WL 37843, at *3 (S.D.N.Y. Jan. 31, 1995). Equitable tolling, for example, is appropriate generally only when there is " 'affirmative misconduct on the government's part' ... [upon which] the plaintiff ... demonstrated that he had relied ... to his detriment." *Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d 886, 891 (2d Cir. 1995) (citing *Long v. Frank,* 22 F.3d 54, 59 (2d Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 938, 130 L.Ed.2d 883 (1995)).

■ Spira has failed to demonstrate affirmative misconduct by the EEOC. His bare allegation that an unidentified EEOC worker orally provided him erroneous information is not credible in light of the information at issue constituting a simple, yet crucial, deadline with which EEOC workers must be intimately familiar. Moreover, a reasonable person would likely have sought a reconciliation of the conflicting information, or would have filed within the shorter of the two time periods. *Cf. James v. Miller–Wohl Co. Inc.,* No. 83 Civ. 780E, 1984 WL 48906 (W.D.N.Y. Oct. 10, 1984) (tolling limitations where individual relied on state agency's repeated representations that it had filed an EEOC com-

plaint); *Stutz v. Depository Trust Co.,* 497 F.Supp. 654 (S.D.N.Y.1980) (tolling limitations period where it appeared credible that state agency erroneously informed plaintiff it was unnecessary to check a required box on her retaliation claim when she had already checked that box on her initial complaint); *Abbott v. Moore Business Forms, Inc.,* 439 F.Supp. 643, 649 (D.N.H.1977) (finding that "the Department of Labor's communication with plaintiff was such as might mislead a layperson into the course of action taken by plaintiff with the consequent failure to file [a] notice within the statutory period"); *Ramos v. Port Authority of New York and New Jersey,* No. 76 Civ. 312, 1976 WL 581 (S.D.N.Y. June 23, 1976) (holding that tolling the statute of limitations was appropriate when the EEOC acknowledged that it had advocated the mistaken interpretation relied upon by the plaintiff).

If the *pro se* plaintiff believes that he can substantiate his allegation by calling a witness from the EEOC or by submitting an affidavit or affidavits, he is invited to make a motion for reargument pursuant to Rule 3(j) of the Civil Rules of the United States District Court for the Southern District of New York. Plaintiff is reminded that, pursuant to Rule 3(j), his motion must be made within ten (10) *calendar* days after the docketing of this Order.

## III. CONCLUSION

Accordingly, defendants' motion to dismiss this case is GRANTED.

**SO ORDERED.**