Rosemary SMITH, Plaintiff,

v.

William J. HENDERSON, Postmaster General of the United States Postal Service, Defendant.

No. 99 CIV 2258 WCC.

United States District Court, S.D. New York.

March 30, 2001.

Rosemary Smith, Newburgh, NY, for Pro se.

Mary Jo White, United States Attorney for the Southern District of New York,

New York City (Elizabeth Wolstein, Asst. United States Attorney, of Counsel), for Defendant.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiff pro se Rosemary Smith brings the instant action against defendant William J. Henderson, Postmaster General of the United States Postal Service ("Postal Service"), pursuant to Title VII of the Federal Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") alleging that she was terminated from her employment at the Postal Service because of her race and gender. Defendant now moves for summary judgment pursuant to FED. R. CIV. P. 56(b) because plaintiff's complaint in this action was not filed within ninety days of receipt of the final administrative decision from the Postal Service. For the reasons stated hereinafter, defendant's motion is granted.

### BACKGROUND

Plaintiff was hired as a probationary Data Conversion Operator at the Postal Service's Fishkill Remote Encoding Center in the fall of 1995, and terminated from her employment on March 7, 1996. (Roberts Decl. ¶¶ 4–5, 9.) Defendant alleges that plaintiff's termination was a result of unscheduled absences, non-productivity and excessive talking. (*Id.* ¶¶ 13–17, Exs. C, D, E, F.)

On March 19, 1996, plaintiff contacted an Equal Employment Opportunity ("EEO") counselor at the Postal Service's EEO Office, claiming that she was terminated because of her race and her gender. (Malson Decl. ¶ 2, Ex. A.) On August 9, 1996, the EEO Office notified plaintiff that her allegations would not be resolved at the counseling stage, but that she may proceed with a formal complaint. (*Id.* ¶ 3,

Ex. B.) On August 24, 1996 plaintiff timely filed a formal complaint with the Postal Service alleging that she was "continually harassed," "her evaluation was biased" and that several of her white co-workers who were equally as delinquent were not terminated. (*Id.* ¶ 4, Ex. C.) On September 10, 1996, the Postal Service informed plaintiff that the issue accepted for investigation was whether she was discriminated against because of her race or gender and informed plaintiff that if she disagreed with the defined issue, she must raise any objections within 15 days of receipt thereof. (*Id.* ¶ 5, Ex. D.) Plaintiff raised no objection. (*Id.* ¶ 5.)

On September 15, 1997, the Postal Service informed plaintiff that it had completed its investigation of her administrative complaint. (*Id.* ¶ 6, Ex. E.) The September 15, 1997 letter also informed plaintiff that she had the right to request either a hearing before an Administrative Judge of the Equal Employment Opportunity Commission ("EEOC") or a final decision by the Postal Service without a hearing, but only if she does so within 30 calendar days after receipt thereof. It also informed plaintiff that the Postal Service would render a final decision if she failed to request either option. If plaintiff was dissatisfied by the Postal Service's final decision, she could pursue a civil action in the appropriate United States District Court, but only if she files a federal court complaint within "90 calendar days" of receipt of the final administrative decision. (*Id.*)

On April 16, 1998, plaintiff received the Postal Service's final administrative decision (*Id.* ¶ 7, Ex. F; Pl. Rule 56.1 Stmt. ¶ 5; Def. Rule 56.1 Stmt. ¶ 9) which informed plaintiff of the Postal Service's conclusion that no discrimination had occurred. (Malson Decl. ¶ 7, Ex. F.) It based its decision on the fact that, *inter alia,* 85 people were terminated from the

316

Fishkill Center, "both females and males, whites and blacks." (*Id.*) The letter also warned plaintiff that she had the right to file a federal complaint in the appropriate United States District Court within "90 calendar days" of receipt thereof. (*Id.*) Plaintiff pursued this option and on September 17, 1998, 151 days after receipt of her right-to-sue notice, filed her federal complaint in the Pro Se Office alleging that her termination constituted a breach of contract and that the Postal Service: (1) conducted a campaign of collusion and deceit against her; (2) created a hostile work environment; and (3) subjected her to disparate treatment. (Wolstein Decl. ¶ 1, Ex. A.)

On March 25, 1999, Chief Judge Griesa, *sua sponte,* directed plaintiff to submit an amended complaint attaching a right-to-sue letter within sixty days or in the alternative to "voluntarily withdraw the action without prejudice if she ha[d] failed to exhaust her administrative remedies with the EEOC." *Smith v. Runyon,* 99 Civ. 2258, slip op. at 1–2 (March 25, 1999). The proceedings were stayed for 60 days or until plaintiff complied with the March 25, 1999 order. Plaintiff's failed to comply with the order and as a result, on July 6, 1999, Chief Judge Griesa dismissed plaintiff's complaint.

On January 3, 2000, plaintiff wrote to the Court requesting that her action be reinstated. (Wolstein Decl. ¶ 5, Ex. D.) The Court construed the request as a motion for reconsideration pursuant to FED. R. CIV. P. 60(b) and on April 4, 2000, granted plaintiff's motion. (*Id.* ¶ 6, Ex. E.) However, the Court expressly provided that "[n]othing in this Order shall be construed to prevent defendant from raising any defenses, by pleading or motion, to which it is entitled." (*Id.*) Plaintiff filed her amended complaint the same day. (*Id.* ¶ 7, Ex. F.)

## DISCUSSION

### I. *Summary Judgment Standard*

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(d). A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in the light most favorable to the non-moving party. *See City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2d Cir.1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Upon the movant's satisfying that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2510. At this stage, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment. *See Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991);

*Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990).

## II. Filing a Federal Court Complaint within Ninety Days of Receipt of Final Administrative Decision

Before litigants may seek redress for their claims in federal court, they are required under Title VII to "exhaust available administrative remedies in a timely fashion" as defined by the statute and regulations promulgated thereunder. *Briones v. Runyon,* 101 F.3d 287, 289 (2d Cir.1996); *see Martin v. Reno,* No. 96 Civ. 7646, 1999 WL 527932, at *2 (S.D.N.Y. July 22, 1999). Therefore, after an employee timely files an administrative complaint, she is authorized to file a civil action in federal court (i) within 90 days of receipt of a final administrative decision or (ii) after 180 days from the date of filing the administrative complaint, if no final administrative decision had been issued. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.407(a), (b); *Martin,* 1999 WL 527932, at *2.[1] Failure to comply with the time limitations warrants dismissal of the complaint. *See, e.g., Long v. Frank,* 22 F.3d 54, 58 (2d Cir.1994).

In this case, plaintiff does not dispute that she filed her federal complaint with the Pro Se Office on September 17, 1998,[2] 151 days after receipt of her final administrative decision. Because the ninety-day period had already run, the complaint was untimely filed. In this case, the issue is whether this Court has the power to grant equitable relief from the time limitations of Title VII and accept the untimely federal complaint. We conclude that in the present circumstances we do not.

## III. Equitable Relief

The ninety-day rule imposed by Title VII is not a jurisdictional requirement. Instead, it is treated as a statute of limitations and is subject to claims of waiver, equitable estoppel and equitable tolling. However, because Title VII time limitations must be strictly construed, this Court's power to toll the limitations period is not absolute. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 94, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990); *Simmons v. Heyman,* No. 97 Civ. 0434, 2000 WL 520664, at *2 (S.D.N.Y. May 1, 2000). In order to establish an "evenhanded administration of the law," district courts must follow the Supreme Court's warning not to disregard the timing requirements simply because we may feel sympathy for a particular litigant. *See*

1. Alternatively, the employee can appeal the administrative decision to the EEOC. If the claimant pursues this remedy, she may pursue a federal court remedy if she files the federal complaint within 90 days of receipt of the EEOC's final decision or 180 days after the filing of the appeal if the EEOC has not issued a final decision by that time. *See* 29 C.F.R. § 1614.407(c), (d). In this case, plaintiff did not pursue her right to appeal to the EEOC.

2. When dealing with pro se plaintiffs the Second Circuit has held that "at least" when a complaint is accompanied by an application to proceed *in forma pauperis,* it is deemed filed at the time of receipt by the Pro Se Office. *Toliver v. County of Sullivan,* 841 F.2d 41, 42 (2d Cir.1988) (per curiam). In the wake of *Toliver,* district courts are ruling that all complaints filed by pro se litigants are filed at the time of receipt by the Pro Se Office, regardless of whether they are accompanied by an *in forma pauperis* application. *See Judge v. New York City Transit Auth.,* 99 Civ. 0927, 1999 WL 1267462, at *1 (S.D.N.Y. Dec. 29, 1999); *Johnson V v. National Football League,* 99 CIV. 8582, 1999 WL 892938, at *2 (S.D.N.Y. Oct. 18, 1999); *Shabazz–Allah v. Guard Mgmt. Serv.,* No. 97 Civ. 8194, 1999 WL 123641, at *1 n. 1 (S.D.N.Y. Mar. 8, 1999); *see also Kassman v. Qualified Serv.,* 957 F.Supp. 1307, 1307 (E.D.N.Y.1997) (stating that the pro se clerk is a staff member of the Clerk of the Court).

*Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)).

Plaintiff argues that the statute should be equitably tolled because she relied to her detriment on the advice given by William H. Malson, an EEO counselor in the Westchester Customer Service District. Plaintiff alleges that during the time of her administrative action she made in excess of fifty telephone calls to EEO counselors to inquire about the status of the investigation because it took over two years to be completed. She claims that "on or about March 1998," Malson assured her "that she would be given additional time to file [a federal court complaint] since nearly two years had elapsed since the filing of her [administrative] complaint." (Smith Decl. ¶ 15.) In support thereof, plaintiff submits portions of telephone bills indicating approximately eleven telephone calls[3] made to United States Postal Service Consumer Information Line over a three and one-half month period in 1996 and 1997.[4]

■ Equitable relief may be invoked when "because of some action on the defendant's part, the complainant was unaware that the cause of action existed," *Long,* 22 F.3d at 58, or where "the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay in bringing his suit." *Dillman v. Combustion Eng'g, Inc.,* 784 F.2d 57, 61

(2d Cir.1986). It is appropriate only when: (1) the complainant was not adequately informed of the ninety-day limitation by the EEOC; (2) a motion for appointment for counsel is pending; or (3) the complainant was led to believe that all prerequisites were satisfied. *See Baldwin,* 466 U.S. at 151, 104 S.Ct. at 1725–26; *see also Irwin,* 498 U.S. at 96, 111 S.Ct. at 457–58. The Second Circuit has held that equitable tolling is appropriate only when the government deliberately misled the plaintiff to rely to his detriment. *See Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d 886, 891 (2d Cir.1995); *see also Spira v. Ethical Culture Sch.,* 888 F.Supp. 601, 602 (S.D.N.Y.1995) (refusing to toll the statute of limitations based upon the plaintiff's allegation that an EEOC worker erroneously told him that the ninety-day period was determined by counting by business days rather than calendar days).

■ In this case, plaintiff's sole excuse for failing to file the federal complaint on time is the assurance by Malson on or around March 1998, that she would be given additional time to bring a district court action. We cannot say that this assurance rises to the level of "affirmative misconduct" on the government's behalf that would enable this Court to provide equitable relief against the time limitations. Malson's statement was made on or around March 1998. Plaintiff received the final administrative decision one month la-

---

3. The telephone bills list sixteen phone calls made to the White Plains area. However, only eleven were made to the United States Postal Service Customer Information Line. The remaining five telephone numbers are not presently in use. However, employees at the United States Postal Customer Information Line have informed this Court that these five telephone numbers have no affiliation with it.

4. The telephone bills cover the following periods: February 19 to March 18, 1997; Decem-

ber 19 to January 18, 1997; July 19 to August 18, 1997; and July 19, 1996. Defendant directs this Court's attention to the fact that plaintiff fails to submit a telephone bill covering the period of March 1998, the date of plaintiff's alleged telephone conversation with Malson. However, plaintiff's statement is made under the penalty of perjury. On a motion for summary judgment, this declaration is sufficient to support the allegation concerning the conversation with Malson.

ter. This final administrative decision informed her that she would have ninety calendar days in which to file her federal complaint. Malson's assurance, one month earlier, is inconsistent with the information plaintiff received in the final administrative decision, which was that she would have an additional ninety days to file her federal court complaint.

■ A court cannot grant equitable relief when the plaintiff had either actual or constructive notice of the time limitation. *See Irwin,* 498 U.S. at 96, 111 S.Ct. at 458. The plaintiff must act diligently in preserving her legal rights. *See id.,* 111 S.Ct. at 458; *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 12 (2d Cir.1994); *Netzer v. Continuity Graphic Assocs., Inc.,* 963 F.Supp. 1308, 1316 (S.D.N.Y.1997) ("A plaintiff seeking to invoke either [equitable estoppel or equitable tolling] is ... required to demonstrate that his ignorance is not attributable to a lack of due diligence on his part."). In the past, when plaintiffs have received conflicting information regarding the time imposed upon filing a federal court complaint, district courts have questioned whether "a reasonable person would likely have sought a reconciliation of the conflicting information, or would have filed within the shorter of the two time periods." *Martin,* 1999 WL 527932, at *8 (quoting *Spira,* 888 F.Supp. at 602); *see also Carrasco v. New York City Off–Track Betting Corp.,* 858 F.Supp. 28, 32 (S.D.N.Y.1994) (holding that "the plaintiff's unsupported contention that on an unspecified date, some months after the denied promotion, she telephoned the EEOC office and was told that she had through July 1, 1992, to file her charge with the EEOC, would not suffice to invoke equitable tolling.").

In the instant case, plaintiff made no attempt to reconcile the conflicting information. Although plaintiff claims to have inquired repeatedly concerning the status of the administrative decision, she does not allege that she made any further inquiries after receipt of the final administrative decision. A reasonable person would have either filed her federal court complaint within ninety days or at least called an EEO counselor to determine whether she had more than the "90 calendar days" described in the letter.

■ Furthermore, the theory of equitable estoppel, the applicable doctrine in this case because plaintiff was aware of the existence of her cause of action, presupposes that "once the circumstances inducing reliance are exposed, the plaintiff's obligation to timely file is reimposed." *Buttry v. General Signal Corp.,* 68 F.3d 1488, 1494 (2d Cir.1995) (citations omitted). Once plaintiff received the final administrative decision informing her that she had ninety calendar days to file her federal court complaint, "the facts giving rise to the estoppel ... ceased to be operational." *Id.* (quoting *Overall v. Estate of Klotz,* 52 F.3d 398, 404 (2d Cir.1995)). Because plaintiff does not allege to have relied on any communications made by the EEO counselors after receipt thereof, there is no reasonable basis for application of the doctrine of equitable estoppel. *See Baba v. Grand Cent. P'ship, Inc.,* 99 Civ. 5818, 2000 WL 1808971, at *2–3 (S.D.N.Y. Dec. 8, 2000).

### CONCLUSION

For the reasons stated above, defendant's motion is granted. Judgment in favor of defendant is to be entered by the Clerk of the Court. The complaint is hereby dismissed with prejudice.

SO ORDERED.