**Elizabeth MOLNAR, Plaintiff,**

**v.**

**LEGAL SEA FOODS, INC., Defendant.**

**No. 06 CIV.476 SCR.**

United States District Court,
S.D. New York.

Jan. 18, 2007.

Elizabeth Molnar, Nyack, NY, pro se.

Christine R. Fitzgerald, Manchel & Brennan, P.C., Newton, MA, for Defendant.

## DECISION AND ORDER

ROBINSON, District Judge.

Elizabeth Molnar ("Plaintiff") brought this action, *pro se*, alleging she was wrongfully terminated from her position as · a waitress at Legal Sea Foods, Inc., West Nyack, N.Y. ("Defendant") because of her age in violation of 29 U.S.C. §§ 621–34. Plaintiff initially filed charges with the New York State Division of Human Rights ("NYDHR") and the Equal Employment Opportunity Commission ("EEOC"). After an investigation, EEOC sent Plaintiff a letter notifying her that they were dismissing the charges against Defendant and that her right to sue in federal court would expire after 90 days. This letter was marked as mailed on September 2, 2005.

On December 8, 2005, the Court received a letter from Plaintiff indicating that she wished to pursue her claims in federal court and asking how she should proceed. On December 12, the *Pro Se* Office replied to the letter advising Plaintiff that she would have to file a complaint and either pay the filing fee or complete an *in forma pauperis* application. The *Pro Se* Office attached to the letter a complaint form and an application to waive the filing fee.

There is some dispute about when the complaint was filed. A stamp on the complaint indicates that the document was filed on January 23, 2006. The document, however, is marked received on December 8, 2005. Furthermore, Plaintiff's signature on the final page of the complaint is dated December 27, 2005. Plaintiff acknowledged that the complaint could not have been filed with the Court until after she signed it on December 27.

Defendant filed a motion to dismiss for failure to state a claim under the Federal Rules of Civil Procedure, Rule 12(b)(6). Defendant argues that Plaintiff's right to sue in federal court has expired because she filed her complaint at some point after December 27, 2005, which is over 90 days from the date Plaintiff received the notice of her right to sue. Furthermore they argue that Plaintiff should not be entitled to equitable tolling of the 90–day limitation period.

Plaintiff gives four reasons why her complaint should not be dismissed. First, she argues that she believed the 90–day limitation period on the right to sue notice gave her 90 business days to file her complaint, and thus she filed the complaint in the given time period. Second, she argues that the letter received by the *Pro Se* Office on December 8, 2005 fell within the 90–day limitation period and sufficiently indicated her intent to pursue her claims in federal court such that she preserved her right to sue. Third; she alleges that she has been suffering health concerns that have prevented her from filing her complaint within the 90–day limitation period. Finally she points to unspecified financial concerns, but does not indicate how they prevented her from filing her complaint in the time allowed.

A complaint under the Age Discrimination in Employment Act ("ADEA") must be filed in a federal district court

within 90 days of the claimant's receipt of a right to sue letter from EEOC. *See Sherlock v. Montefiore Medical Ctr.*, 84 F.3d 522, 525 (2d Cir.1996). It is presumed that a notice by a government agency is mailed on the date shown. *See id.* There is a further presumption that a mailed document is received three days after the date on which it is sent. *See* Fed.R.Civ.P. 6(e); *Sherlock*, 84 F.3d at 525. Plaintiff has not challenged the fact that the right to sue letter was mailed on September 2, 2005, the date printed on the notice, and that it was received on September 5, 2005. The 90–day period begin tolling on September 5, 2005. As the complaint is marked as filed on January 23, 2006, over 90 days after she received the right to sue letter, her complaint is untimely.

■ The Second Circuit, however, has held that the 90–day limitation period may be equitably tolled in certain circumstances. *See South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11 (2d Cir.1994). Equitable tolling is appropriate in rare and exceptional circumstance where a party is prevented from exercising his or her rights. *See Zerilli–Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80 (2d Cir.2003). This Circuit held equitable tolling appropriate in instances where (1) the plaintiff actively pursued judicial remedies but filed a defective pleading during the time period; (2) the plaintiff was unaware of an administrative remedy because of the defendant's misleading conduct; (3) the plaintiff's medical condition prevented her from filing the complaint within a timely fashion; (4) the plaintiff has received inadequate notice; or (5) a motion for appointment of counsel is pending. *See id.* (internal citations omitted); *South*, 28 F.3d at 11 (internal citations omitted). Plaintiff's arguments in her opposition papers indicate that she claims she should be entitled to equitable tolling because she actively pursued judicial remedies and filed a defective complaint within the allotted time, and that her medical condition prevented her from filing the complaint in a timely fashion.

■ Plaintiff's letter to the Court, received on December 8, 2005, was not a defective complaint. Rule 8(a) requires a complaint to indicate on what grounds Plaintiff might be entitled to relief, what judgment she would be requesting from this Court, nor on what jurisdictional grounds the court would be able to grant them. *See* Fed.R.Civ.P. 8(a). The letter satisfies none of these requirements. Instead, Plaintiff asked the *Pro Se* Office what steps she had to do to "further pursue" her lawsuit. In response, the clerk indicated that Plaintiff would have to file a complaint to begin her action and included a complaint form to do so. Plaintiff completed the complaint form, signed it on December 27, 2005, and submitted it to the Court. Plaintiff could not have reasonably thought that her initial letter asking the clerk for directions as to how to proceed was a complaint. Plaintiff is not entitled to equitable tolling on this ground.

Furthermore, even if the letter were a defective complaint, Plaintiff would not be entitled to equitable tolling. The clerk received Plaintiff's letter on December 8, 2005, after the 90–day tolling period had expired. Since her right to bring a suit in federal court had expired before the clerk received her letter, she does not qualify for equitable tolling.

■ Plaintiff claims the limitation period should be tolled because she allegedly suffered from the flu for one week. This Circuit permits equitable tolling of a limitations period where the Plaintiff suffers mental impairments. *See Brown v. Parkchester South Condominiums*, 287 F.3d 58, 60 (2d Cir.2002) (permitting a hearing to determine whether Plaintiff's failure to comply with the statute of limita-

tions was attributable to his mental illness); *Canales v. Sullivan*, 936 F.2d 755 (2d Cir.1991) (holding that a Social Security claimant may be entitled to equitable tolling the failure to seek judicial review was caused by claimant's mental impairment). Whether a plaintiff's illness prevented him or her from complying with a statute of limitations is a case specific inquiry. *See Brown*, 287 F.3d at 60. Here, Plaintiff does not allege that her delay was a result of mental illness. She indicates that she was incapacitated for one week due to the flu. A one-week flu is not an adequate justification for failure to file a complaint within 90 day of receiving the right to sue letter. Her illness did not prevent her from pursuing her legal right to sue during the other 83 days between receiving the right to sue letter and the expiration of that right. Plaintiff is not entitled to equitable tolling on the ground of medical incapacitation.

Plaintiff argues that her complaint should not be dismissed for three other reasons that would not entitle her to equitable tolling of the 90–day limitation period. First she argues that the right to sue letter was unclear and that she believed that she had 90 business days to file a complaint before her right to sue expired. Plaintiff does not indicate why she believed that the 90–day period in the notice referred to 90 business days. In any case, as Plaintiff had actual notice that her right to sue would expire after 90 days, equitable tolling does not apply unless she can show that she was prevented from diligently pursuing her legal rights. *See Smith v. Henderson*, 137 F.Supp.2d 313, 319 (S.D.N.Y.2001) (holding that a reasonably diligent plaintiff who received conflicting information regarding the time limitations on filing a complaint would either call to clarify the discrepancy or file within the shorter of the two time limitations). Plaintiff has not alleged any facts that show she was prevented from diligently pursuing her rights within the limitation period.

Second Plaintiff argues that the letter issued by the *Pro Se* Office led her to believe that her complaint would be accepted when it was filed. This excuse does not justify equitable tolling as the clerk's actions did not prevent Plaintiff from pursuing her legal rights. *See generally Zerilli–Edelglass*, 333 F.3d at 80. The clerk's December 12, 2005 letter indicated that Plaintiff would have to file a complaint in order to pursue her claim in federal court and included the forms with which to do so. No reasonable person could have thought that she had completed the filing at that point. This is different from an instance where clerk delayed Plaintiff's filing by indicating that Plaintiff had completed all the necessary steps for filing a complaint. Here, Plaintiff merely failed to comply with the information provided by the *Pro Se* Office within the limitation period.

Third, she alleges she had "financial concerns" but does not specifically indicate what they were or how these concerns prevented her from filing the complaint within 90 days. As the clerk included an *in forma pauperis* form, and Plaintiff does not allege any delays caused by this process, the court cannot guess how the financial concerns prevented her from diligently pursuing her legal rights.

None of these three grounds qualify for equitable tolling of the limitation period. Since Plaintiff's complaint was filed after her right to sue in federal court had expired, and she does not qualify for equitable tolling of the 90–day period, her complaint is untimely.

Based on the foregoing reasons, the Defendant's motion to dismiss is GRANTED.

The Clerk of the Court is directed to close this case with prejudice.

*It is so ordered.*